# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
CASSANDRA MCKINLEY,

                            Plaintiff,

   -against-

REPUBLIC AIRWAYS INC., DELTA AIR LINES, INC.,
and REPUBLIC AIRWAYS, INC. d/b/a DELTA
CONNECTION,

                          Defendants.
-------------------------------------------------------------------X

Filed: _____

INDEX NO.

Plaintiff designates Queens
County as the place of trial.

**S U M M O N S**

The basis of venue is
Location of accident:
John F. Kennedy
International Airport
Jamaica, New York 11430

**To the above named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
       March 21, 2025

_____
**By: Justin Vaughn White, Esq.**
**LEAV & STEINBERG, L.L.P.**
*Attorneys for Plaintiff*
***CASSANDRA MCKINLEY***
75 Broad Street, Suite 1601
New York, New York 10004
Tel. No.: (212) 766-5222

**SEE ATTACHED RIDER**

1

## RIDER

**REPUBLIC AIRWAYS INC.**
**8909 Purdue Road**
**Indianapolis, Indiana 46268**

and

**c/o Corporation Service Company**
**80 State Street**
**Albany, New York 12207**

**DELTA AIR LINES, INC.**
**c/o Corporation Service Company**
**80 State Street**
**Albany, New York 12207**

**DELTA AIR LINES, INC.**
**1030 Delta Blvd.,**
**Dept. 982**
**Atlanta, Georgia 30354**

**REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION**
**c/o CT Corporation System**
**28 Liberty Street**
**New York, New York 10005**

**PLEASE FORWARD TO YOUR INSURANCE CARRIER**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
CASSANDRA MCKINLEY,

                Plaintiff,

   -against-

REPUBLIC AIRWAYS INC., DELTA AIR LINES, INC., and
REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION,

                Defendants.
-------------------------------------------------------------------------X

INDEX NO.

**VERIFIED COMPLAINT**

Plaintiff CASSANDRA MCKINLEY, by her attorneys, **LEAV & STEINBERG, L.L.P.**, as and for her Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, CASSANDRA MCKINLEY, at all times herein mentioned was a resident of the County of Queens, City of Jamaica and State of New York.

2. The defendant REPUBLIC AIRWAYS INC., at all times herein mentioned, was and still is a foreign business corporation, duly organized and existing under and by virtue of, the laws of the State of New York.

3. The defendant REPUBLIC AIRWAYS INC., at all times herein mentioned, was and still is a foreign business corporation authorized to do business in the State of New York, County of Queens.

4. The defendant REPUBLIC AIRWAYS INC., at all times herein mentioned maintained a principal place of business in the County of Marion in the State of Indiana.

5. The defendant DELTA AIR LINES, INC., at all times herein mentioned, was and still is a foreign business corporation, duly organized and existing under and by virtue of, the laws of the State of New York.

6. The defendant DELTA AIR LINES, INC., at all times herein mentioned, was and still is a foreign business corporation authorized to do business in the State of New York, County of Queens.

7. The defendant DELTA AIR LINES, INC., at all times herein mentioned maintained a principal place of business in the County of Fulton, State of New York.

8. The defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, at all times herein mentioned, was and still is a foreign business corporation, duly organized and existing under and by virtue of, the laws of the State of New York.

9. The defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, at all times herein mentioned, was and still is a foreign business corporation authorized to do business in the State of New York, County of Queens.

10. The defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, at all times herein mentioned maintained a principal place of business in the County of Marion in the State of Indiana.

11. That at all times herein mentioned, Defendant REBUBLIC AIRWAYS INC. was and still is operating a terminal at JFK International Airport, known as Delta Terminal # 4.

12. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., owned the aforesaid terminal.

13. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., was the lessor of the aforesaid terminal.

14. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., was the lessee of the aforesaid terminal.

15. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC.,

4

operated the aforesaid terminal.

16. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., managed the aforesaid terminal.

17. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., controlled the aforesaid terminal.

18. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., maintained the aforesaid terminal.

19. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., repaired the aforesaid terminal.

20. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., supervised the aforesaid terminal.

21. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., had a duty to own, operate, manage, control, maintain, repair and/or supervise the aforesaid terminal in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

22. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the aforesaid terminal, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

23. That at all times herein mentioned, a plane assigned to Delta Flight 5783 was present at Delta Terminal #4 at John F. Kennedy International Airport, in the County of Queens, City of Jamaica and State of New York.

24. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC.,

owned the aforesaid plane.

25. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., was the lessor of the aforesaid plane.

26. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., was the lessee of the aforesaid plane.

27. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., operated the aforesaid plane.

28. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., managed the aforesaid plane.

29. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., controlled the aforesaid plane.

30. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., maintained the aforesaid plane.

31. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., repaired the aforesaid plane.

32. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., supervised the aforesaid plane.

33. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., operated Delta Flight 5783.

34. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., managed Delta Flight 5783.

35. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., controlled Delta Flight 5783.

36. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., supervised the Delta Flight 5783.

37. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., had a duty to own, operate, manage, control, maintain, repair and/or supervise the aforesaid flight and plane, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

38. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the plane and flight, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

39. That at all times herein mentioned, Defendant DELTA AIR LINES, INC. was and still is operating a terminal at JFK International Airport, known as Delta Terminal # 4.

40. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., owned the aforesaid terminal.

41. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., was the lessor of the aforesaid terminal.

42. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., was the lessee of the aforesaid terminal.

43. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., operated the aforesaid terminal.

44. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., managed the aforesaid terminal.

45. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., controlled the aforesaid terminal.

46. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., maintained the aforesaid terminal.

47. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., repaired the aforesaid terminal.

48. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., supervised the aforesaid terminal.

49. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., had a duty to own, operate, manage, control, maintain, repair and/or supervise the aforesaid terminal in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

50. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the aforesaid terminal, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

51. That at all times herein mentioned, a plane assigned to Delta Flight 5783 was present at Delta Terminal #4 at John F. Kennedy International Airport, in the County of Queens, City of Jamaica and State of New York.

52. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., owned the aforesaid plane.

53. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., was the lessor of the aforesaid plane.

54. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., was the lessee of the aforesaid plane.

55. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., operated the aforesaid plane.

56. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., managed the aforesaid plane.

57. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., controlled the aforesaid plane.

58. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., maintained the aforesaid plane.

59. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., repaired the aforesaid plane.

60. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., supervised the aforesaid plane.

61. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., operated Delta Flight 5783.

62. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., managed Delta Flight 5783.

63. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., controlled Delta Flight 5783.

64. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., supervised the Delta Flight 5783.

65. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., had a

9

duty to own, operate, manage, control, maintain, repair and/or supervise the aforesaid flight and plane, in a reasonably safe condition, free of any dangers or hazards for those lawfully threat.

66. That at all times herein mentioned, Defendant DELTA AIR LINES, INC., had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the plane and flight, in a reasonably safe condition, free of any dangers or hazards for those lawfully threat.

67. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION was and still is operating a terminal at JFK International Airport, known as Delta Terminal # 4.

68. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, owned the aforesaid terminal.

69. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, was the lessor of the aforesaid terminal.

70. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, was the lessee of the aforesaid terminal.

71. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, operated the aforesaid terminal.

72. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, managed the aforesaid terminal.

73. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, controlled the aforesaid terminal.

74. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC.

10

d/b/a DELTA CONNECTION, maintained the aforesaid terminal.

75. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, repaired the aforesaid terminal.

76. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, supervised the aforesaid terminal.

77. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, had a duty to own, operate, manage, control, maintain, repair and/or supervise the aforesaid terminal in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

78. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the aforesaid terminal, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

79. That at all times herein mentioned, a plane assigned to Delta Flight 5783 was present at Delta Terminal #4 at John F. Kennedy International Airport, in the County of Queens, City of Jamaica and State of New York.

80. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, owned the aforesaid plane.

81. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, was the lessor of the aforesaid plane.

82. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, was the lessee of the aforesaid plane.

83. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, operated the aforesaid plane.

84. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, managed the aforesaid plane.

85. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, controlled the aforesaid plane.

86. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, maintained the aforesaid plane.

87. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, repaired the aforesaid plane.

88. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, supervised the aforesaid plane.

89. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, operated Delta Flight 5783.

90. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, managed Delta Flight 5783.

91. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, controlled Delta Flight 5783.

92. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, supervised the Delta Flight 5783.

93. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, had a duty to own, operate, manage, control, maintain, repair and/or supervise the aforesaid flight and plane, in a reasonably safe condition, free of any

dangers or hazards for those lawfully thereat.

94. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the plane and flight, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

95. That on April 5, 2022, Plaintiff CASSANDRA MCKINLEY, was a lawful passenger on the aforesaid plane.

96. That on April 5, 2022, Plaintiff, CASSANDRA MCKINLEY, was a lawful passenger on the aforesaid plane with the knowledge, permission and/or consent of the Defendants.

97. That on April 5, 2022, Plaintiff CASSANDRA MCKINLEY, was a lawful passenger on Delta Flight 5783, traveling from Ronald Reagan Washington National Airport located in Arlington, Virginia to John F. Kennedy International Airport, and after landing at John F. Kennedy International Airport, plaintiff was caused to suffer serious and permanent injuries due to the broken, defective, unsafe, dangerous and hazardous a piece of metal/hardware protruding into the aisle of the aforementioned plane that came into contact with plaintiff's body.

98. That the aforesaid occurrence and resultant injuries to plaintiff CASSANDRA MCKINLEY were further caused solely and wholly, through and by reason, of the carelessness, recklessness and negligence of defendants, their agents, servants, and/or employees, in the ownership, operation, management, maintenance, supervision, care, custody, charge and control of the aforesaid plane and flight, and more particularly the plane within the flight known as "5783" ("Delta Flight 5783") within the premises of the aforementioned airplane while at Delta

Airlines at John F. Kennedy International Airport, located in Queens, New York, in failing to provide for the protection and safety of persons lawfully within said premises; in failing to take any and all reasonable precautions to safeguard against this occurrence; in failing to give plaintiff an opportunity to avoid this occurrence; in failing to properly and/or timely remedy or otherwise rectify the aforesaid dangerous and hazardous conditions existing thereat although they had or should have had notice thereof; in failing to provide adequate, sufficient and/or competent personnel to ensure against this occurrence and to maintain the plane in a safe and proper manner; in that they created the aforesaid dangerous and hazardous conditions; in allowing the foregoing to exist with notice; in carelessly, recklessly and negligently creating a hazard endangering the health of plaintiff and others lawfully within the said premises; in causing, permitting and/or allowing the existence of a condition which constituted a trap, nuisance, menace and danger to plaintiff and others within said premises; in failing to fix the plane; in causing, permitting and allowing the plane to be, become and remain in disrepair, unsafe, and improper condition; in repairing, maintaining and/or installing the aforesaid plane in such a negligent, careless and reckless manner as to render same dangerous and hazardous to plaintiff and others using same; in failing to remedy and/or timely remedy the aforesaid dangerous and hazardous condition; in failing to inspect, timely inspect and/or properly inspect said plane; in failing to keep the said plane in proper repair; in failing to exercise that degree of care which is reasonably prudent under the circumstances; in that the defendants failed to use due care, caution, precaution and diligence in this matter; and in the gross, wanton, reckless and willful acts of defendants, their agents, servants and/or employees; in failing to comply with those statutes, ordinances, rules and regulations applicable to said situation; in violating the applicable laws, statutes, codes, rules, regulations and ordinances in such cases made and provided;

defendants, their agents, servants and/or employees, were otherwise careless, reckless and negligent under the circumstances, all without any fault or lack of care on the part of plaintiff contributing thereto. Plaintiff further rely upon the doctrine of *res ipsa loquitur* and also allege that the defendants were negligent in that they allowed their property to be kept in a dangerous condition; in that they failed to give any notice or warning to the plaintiff; in that they failed to provide a safe means of egress and exit; and in that they otherwise maintained their premises in a careless and reckless manner. Due to the foregoing dangerous and hazardous conditions, plaintiff CASSANDRA MCKINLEY, who was then and there rightfully and legally, was caused to sustain serious and permanent physical and psychological injuries.

99. By reason of the foregoing, plaintiff CASSANDRA MCKINLEY was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and she will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and she will be unable to pursue her usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

100. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

101. That no negligence on the part of Plaintiff, CASSANDRA MCKINLEY, contributed to the occurrence alleged herein in any manner whatsoever.

102. That the Defendants had actual and constructive notice of the defective, unsafe, dangerous and hazardous condition which caused the occurrence alleged herein.

103. That the Defendants caused and created the defective, unsafe, dangerous and

15

hazardous condition which caused the occurrence alleged herein.

104. That plaintiff will be relying on the doctrine of *res ipsa loquitur*.

105. Due to defendants' negligence, plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment awarding damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the interest, costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
    March 21, 2025

_____
**By: Justin Vaughn White, Esq.**
**LEAV & STEINBERG, L.L.P.**
*Attorneys for Plaintiff*
**CASSANDRA MCKINLEY**
75 Broad Street, Suite 1601
New York, New York 10004
Tel. No.: (212) 766-5222
Our File No.: 229915

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____

CASSANDRA MCKINLEY,

                     Plaintiff,

   -against-

REPUBLIC AIRWAYS INC., DELTA AIR LINES, INC.,
REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION,,

                     Defendants.

_____

INDEX NO.

**ATTORNEY'S VERIFICATION**

     JUSTIN WHITE, ESQ., an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

     I am an attorney with the firm of LEAV & STEINBERG, L.L.P., the attorneys of record for the plaintiff.

     I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

     This verification is made by affirmant and not by plaintiff because she is not in the County of New York, which is the County where your affirmant maintains offices.

     The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       March 21, 2025

                                            _____
                                            JUSTIN VAUGHN WHITE, ESQ.
                                            LEAV & STEINBERG, L.L.P.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.
_____
CASSANDRA MCKINLEY,

                              Plaintiff,

    -against-

REPUBLIC AIRWAYS INC., DELTA AIR LINES, INC., REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION,

                              Defendants.
-----------------------------------------------------------------------------------------------------

**SUMMONS and VERIFIED COMPLAINT**

-----------------------------------------------------------------------------------------------------

**LEAV & STEINBERG, L.L.P.**
*Attorneys for Plaintiff*
75 Broad Street, Suite 1601
New York, New York 10004
Tel. No.: (212) 766-5222

-----------------------------------------------------------------------------------------------------

18