## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

CASSANDRA MCKINLEY,

     Plaintiff,

    vs.

REPUBLIC AIRWAYS, INC., DELTA
AIR LINES, INC., and REPUBLIC AIRWAYS,
INC. d/b/a/ DELTA CONNECTION

     Defendants.

Case No.: 1:25-cv-02077-PKC-PK

---

### DEFENDANT REPUBLIC AIRWAYS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, Republic Airways, Inc. ("Republic"), which also has been incorrectly sued and incorrectly identified as Republic Airways, Inc. d/b/a Delta Connection, by and through the undersigned counsel, HINSHAW & CULBERTSON LLP, and in Answer to Plaintiff's Complaint ("Complaint"), hereby incorporates the foregoing correction into its Answer in each and every instance wherein it was misidentified, and states as follows:

1.    The plaintiff, CASSANDRA MCKINLEY, at all times herein mentioned was a resident of the County of Queens, City of Jamaica and State of New York.

**ANSWER:**    **Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 1 of Plaintiff's Complaint, and therefore, denies the same.**

2.    The defendant REPUBLIC AIRWAYS INC., at all times herein mentioned, was and still is a foreign business corporation, duly organized and existing under and by virtue of, the laws of the State of New York.

**ANSWER:    Republic admits only that it is a corporation organized under the laws of Indiana and is engaged in the business of providing air transportation to passengers within the United States. The remaining allegations contained in Paragraph 2 are denied.**

3.    The defendant REPUBLIC AIRWAYS INC., at all times herein mentioned, was and still is a foreign business corporation authorized to do business in the State of New York, County of Queens.

**ANSWER:    Republic admits only that it is a corporation organized under the laws of Indiana and is engaged in the business of providing air transportation to passengers within the United States. The remaining allegations contained in Paragraph 3 are denied.**

4.    The defendant REPUBLIC AIRWAYS INC., at all times herein mentioned maintained a principal place of business in the County of Marion in the State of Indiana.

**ANSWER:    Republic admits that it is a corporation organized under the laws of Indiana with its principal place of business in Indianapolis, Indiana.**

5.    The defendant DELTA AIR LINES, INC., at all times herein mentioned, was and still is a foreign business corporation, duly organized and existing under and by virtue of, the laws of the State of New York.

**ANSWER:    Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 5 of Plaintiff's Complaint, and therefore, denies the same.**

6.    The defendant DELTA AIR LINES, INC., at all times herein mentioned, was and still is a foreign business corporation authorized to do business in the State of New York, County of Queens.

**ANSWER:    Republic lacks information or knowledge sufficient to form a belief as to the**

**truth of the allegation contained in Paragraph 6 of Plaintiff's Complaint, and therefore, denies the same.**

7.    The defendant DELTA AIR LINES, INC., at all times herein mentioned maintained a principal place of business in the County of Fulton, State of New York.

**ANSWER:    Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 7 of Plaintiff's Complaint, and therefore, denies the same.**

8.    The defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, at all times herein mentioned, was and still is a foreign business corporation, duly organized and existing under and by virtue of, the laws of the State of New York.

**ANSWER:    Republic admits only that it is a corporation organized under the laws of Indiana and is engaged in the business of providing air transportation to passengers within the United States. The remaining allegations contained in Paragraph 8 are denied.**

9.    The defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, at all times herein mentioned, was and still is a foreign business corporation authorized to do business in the State of New York, County of Queens.

**ANSWER:    Republic admits only that it is a corporation organized under the laws of Indiana and is engaged in the business of providing air transportation to passengers within the United States. The remaining allegations contained in Paragraph 9 are denied.**

10.    The defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, at all times herein mentioned maintained a principal place of business in the County of Marion in the State of Indiana.

**ANSWER:    Republic admits only that it is a corporation organized under the laws of**

Indiana with its principal place of business in Indianapolis, Indiana. The remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC. was and still is operating a terminal at JFK International Airport, known as Delta Terminal # 4.

**ANSWER:    Republic denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.**

12.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., owned the aforesaid terminal.

**ANSWER:    The allegations contained in Paragraph 12 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and Republic denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.**

13.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., was the lessor of the aforesaid terminal.

**ANSWER:    The allegations contained in Paragraph 13 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and Republic denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.**

14.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., was the lessee of the aforesaid terminal.

**ANSWER:    The allegations contained in Paragraph 14 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and Republic denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.**

15.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., operated the aforesaid terminal.

**ANSWER:** **The allegations contained in Paragraph 15 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and Republic denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.**

16.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., managed the aforesaid terminal.

**ANSWER:** **The allegations contained in Paragraph 16 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and Republic denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.**

17.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., controlled the aforesaid terminal.

**ANSWER:** **The allegations contained in Paragraph 17 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and Republic denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.**

18.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., maintained the aforesaid terminal.

**ANSWER:** **The allegations contained in Paragraph 18 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and Republic denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.**

19.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., repaired the aforesaid terminal.

**ANSWER:** **The allegations contained in Paragraph 19 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and Republic denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.**

20.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., supervised the aforesaid terminal.

**ANSWER:    The allegations contained in Paragraph 20 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and Republic denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.**

21.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., had a duty to own, operate, manage, control, maintain, repair and/or supervise the aforesaid terminal in a reasonably safe condition, free of any dangers or hazards for those lawfully threat.

**ANSWER:    The allegations contained in Paragraph 21 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and Republic denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.**

22.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the aforesaid terminal, in a reasonably safe condition, free of any dangers or hazards for those lawfully threat.

**ANSWER:    The allegations contained in Paragraph 22 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and Republic denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.**

23.    That at all times herein mentioned, a plane assigned to Delta Flight 5783 was present at Delta Terminal #4 at John F. Kennedy International Airport, in the County of Queens, City of Jamaica and State of New York.

**ANSWER:    Republic admits only that, on April 5, 2022, it operated Delta Connection**

**Flight #5783 from Arlington, Virginia (DCA) to New York, New York (JFK). The remaining allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.**

24.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., owned the aforesaid plane.

**ANSWER:    Republic denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.**

25.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., was the lessor of the aforesaid plane.

**ANSWER:     Republic denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.**

26.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., was the lessee of the aforesaid plane.

**ANSWER:     Republic admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., operated the aforesaid plane.

**ANSWER:    Republic admits only that, on April 5, 2022, it operated Delta Connection Flight #5783 from Arlington, Virginia (DCA) to New York, New York (JFK). The remaining allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.**

28.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., managed the aforesaid plane.

**ANSWER:    The allegations contained in Paragraph 28 contain legal conclusions to which no response is required. If a response to the allegation is required, Republic admits only that**

it operated the aircraft utilized for Delta Connection Flight #5783 on April 5, 2022 from Arlington, Virginia (DCA) to New York, New York (JFK). The remaining allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

29. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., controlled the aforesaid plane.

**ANSWER:** **The allegations contained in Paragraph 29 contain legal conclusions to which no response is required. If a response to the allegation is required, Republic admits only that it operated the aircraft utilized for Delta Connection Flight #5783 on April 5, 2022 from Arlington, Virginia (DCA) to New York, New York (JFK). The remaining allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.**

30. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., maintained the aforesaid plane.

**ANSWER:** **Republic admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.**

31. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., repaired the aforesaid plane.

**ANSWER:** **Republic admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.**

32. That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., supervised the aforesaid plane.

**ANSWER:** **The allegations contained in Paragraph 32 contain legal conclusions to which no response is required. If a response to the allegation is required, Republic admits only that it operated the aircraft utilized for Delta Connection Flight #5783 on April 5, 2022 from**

Arlington, Virginia (DCA) to New York, New York (JFK). **The remaining allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.**

33.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., operated Delta Flight 5783.

**ANSWER:    Republic admits only that, on April 5, 2022, it operated Delta Connection Flight #5783 from Arlington, Virginia (DCA) to New York, New York (JFK). The remaining allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.**

34.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., managed Delta Flight 5783.

**ANSWER:    The allegations contained in Paragraph 34 contain legal conclusions to which no response is required. If a response to the allegation is required, Republic admits only that it operated the aircraft utilized for Delta Connection Flight #5783 on April 5, 2022 from Arlington, Virginia (DCA) to New York, New York (JFK). The remaining allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.**

35.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., controlled Delta Flight 5783.

**ANSWER:    The allegations contained in Paragraph 35 contain legal conclusions to which no response is required. If a response to the allegation is required, Republic admits only that it operated the aircraft utilized for Delta Connection Flight #5783 on April 5, 2022 from Arlington, Virginia (DCA) to New York, New York (JFK). The remaining allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.**

36.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., supervised the Delta Flight 5783.

**ANSWER:**    **The allegations contained in Paragraph 36 contain legal conclusions to which no response is required. If a response to the allegation is required, Republic admits only that it operated the aircraft utilized for Delta Connection Flight #5783 on April 5, 2022 from Arlington, Virginia (DCA) to New York, New York (JFK). The remaining allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.**

37.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., had a duty to own, operate, manage, control, maintain, repair and/or supervise the aforesaid flight and plane, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

**ANSWER:**    **The allegations contained in Paragraph 37 contain legal conclusions to which no response is required. If a response to the allegation is required, Republic admits only to those duties imposed under applicable law and denies the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.**

38.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS INC., had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the plane and flight, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

**ANSWER:**    **The allegations contained in Paragraph 38 contain legal conclusions to which no response is required. If a response to the allegation is required, Republic admits only to those duties imposed under applicable law and denies the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.**

39.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC. was and still is operating a terminal at JFK International Airport, known as Delta Terminal # 4.

**ANSWER:**    **Paragraph 39 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 39 of Plaintiff's Complaint, and therefore, denies the same.**

40.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., owned the aforesaid terminal.

**ANSWER:**    **Paragraph 40 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 40 of Plaintiff's Complaint, and therefore, denies the same.**

41.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., was the lessor of the aforesaid terminal.

**ANSWER:**    **Paragraph 41 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 41 of Plaintiff's Complaint, and therefore, denies the same.**

42.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., was the lessee of the aforesaid terminal.

**ANSWER:**    **Paragraph 42 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 42 of Plaintiff's Complaint, and therefore, denies the same.**

43.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., operated

the aforesaid terminal.

**ANSWER:    Paragraph 43 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 43 of Plaintiff's Complaint, and therefore, denies the same.**

44.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., managed the aforesaid terminal.

**ANSWER:    Paragraph 44 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 44 of Plaintiff's Complaint, and therefore, denies the same.**

45.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., controlled the aforesaid terminal.

**ANSWER:    Paragraph 45 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 45 of Plaintiff's Complaint, and therefore, denies the same.**

46.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., maintained the aforesaid terminal.

**ANSWER:    Paragraph 46 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 46 of Plaintiff's Complaint, and therefore, denies the same.**

47.     That at all times herein mentioned, Defendant DELTA AIR LINES, INC., repaired the aforesaid terminal.

**ANSWER:      Paragraph 47 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 47 of Plaintiff's Complaint, and therefore, denies the same.**

48.     That at all times herein mentioned, Defendant DELTA AIR LINES, INC., supervised the aforesaid terminal.

**ANSWER:      Paragraph 48 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 48 of Plaintiff's Complaint, and therefore, denies the same.**

49.     That at all times herein mentioned, Defendant DELTA AIR LINES, INC., had a duty to own, operate, manage, control, maintain, repair and/or supervise the aforesaid terminal in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

**ANSWER:      Paragraph 49 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 49 of Plaintiff's Complaint, and therefore, denies the same.**

50.     That at all times herein mentioned, Defendant DELTA AIR LINES, INC., had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the aforesaid terminal, in a reasonably safe condition, free of any

dangers or hazards for those lawfully thereat.

**ANSWER:    Paragraph 50 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 50 of Plaintiff's Complaint, and therefore, denies the same.**

51.    That at all times herein mentioned, a plane assigned to Delta Flight 5783 was present at Delta Terminal #4 at John F. Kennedy International Airport, in the County of Queens, City of Jamaica and State of New York.

**ANSWER:    Republic admits only that, on April 5, 2022, it operated Delta Connection Flight #5783 from Arlington, Virginia (DCA) to New York, New York (JFK). The remaining allegations contained in Paragraph 51 of Plaintiff's Complaint are denied.**

52.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., owned the aforesaid plane.

**ANSWER:    Paragraph 52 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 52 of Plaintiff's Complaint, and therefore, denies the same.**

53.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., was the lessor of the aforesaid plane.

**ANSWER:    Paragraph 53 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 53 of Plaintiff's Complaint, and therefore, denies the same.**

54.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., was the lessee of the aforesaid plane.

**ANSWER:    Paragraph 54 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 54 of Plaintiff's Complaint, and therefore, denies the same.**

55.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., operated the aforesaid plane.

**ANSWER:    Paragraph 55 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic admits only that it operated the aircraft utilized for Delta Connection Flight #5783 on April 5, 2022 from Arlington, Virginia (DCA) to New York, New York (JFK). The remaining allegations contained in Paragraph 55 of Plaintiff's Complaint are denied.**

56.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., managed the aforesaid plane.

**ANSWER:     Paragraph 56 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint, and therefore, denies the same.**

57.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., controlled the aforesaid plane.

**ANSWER:    Paragraph 57 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information**

or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint, and therefore, denies the same.

58.     That at all times herein mentioned, Defendant DELTA AIR LINES, INC., maintained the aforesaid plane.

**ANSWER:     Paragraph 58 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 58 of Plaintiff's Complaint, and therefore, denies the same.**

59.     That at all times herein mentioned, Defendant DELTA AIR LINES, INC., repaired the aforesaid plane.

**ANSWER:     Paragraph 59 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 59 of Plaintiff's Complaint, and therefore, denies the same.**

60.     That at all times herein mentioned, Defendant DELTA AIR LINES, INC., supervised the aforesaid plane.

**ANSWER:     Paragraph 60 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 60 of Plaintiff's Complaint, and therefore, denies the same.**

61.     That at all times herein mentioned, Defendant DELTA AIR LINES, INC., operated Delta Flight 5783.

**ANSWER:     Paragraph 61 is not directed against Republic and as such, no response from**

it is required.  To the extent that a response is deemed necessary, Republic admits only that it operated the aircraft utilized for Delta Connection Flight #5783 on April 5, 2022 from Arlington, Virginia (DCA) to New York, New York (JFK).

62.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., managed Delta Flight 5783.

**ANSWER:**    **Paragraph 62 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 62 of Plaintiff's Complaint, and therefore, denies the same.**

63.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., controlled Delta Flight 5783.

**ANSWER:**    **Paragraph 63 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 63 of Plaintiff's Complaint, and therefore, denies the same.**

64.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., supervised the Delta Flight 5783.

**ANSWER:**    **Paragraph 64 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 64 of Plaintiff's Complaint, and therefore, denies the same.**

65.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., had a duty to own, operate, manage, control, maintain, repair and/or supervise the aforesaid flight and

plane, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

**ANSWER:    Paragraph 65 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 65 of Plaintiff's Complaint, and therefore, denies the same.**

66.    That at all times herein mentioned, Defendant DELTA AIR LINES, INC., had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the plane and flight, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

**ANSWER:    Paragraph 66 is not directed against Republic and as such, no response from it is required.  To the extent that a response is deemed necessary, Republic lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 66 of Plaintiff's Complaint, and therefore, denies the same.**

67.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION was and still is operating a terminal at JFK International Airport, known as Delta Terminal # 4.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection." *See also* Republic's Answer to Paragraph 11 of Plaintiff's Complaint.**

68.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, owned the aforesaid terminal.

**ANSWER:    The allegations contained in Paragraph 68 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint. Additionally, there is no legal entity called**

"Republic Airways, Inc. d/b/a Delta Connection." *See also* Republic's Answer to Paragraph 12 of Plaintiff's Complaint.

69.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, was the lessor of the aforesaid terminal.

**ANSWER:    The allegations contained in Paragraph 69 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and there is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** ***See also*** **Republic's Answer to Paragraph 13 of Plaintiff's Complaint.**

70.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, was the lessee of the aforesaid terminal.

**ANSWER:    The allegations contained in Paragraph 70 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and there is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** ***See also*** **Republic's Answer to Paragraph 14 of Plaintiff's Complaint.**

71.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, operated the aforesaid terminal.

**ANSWER:    The allegations contained in Paragraph 71 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and there is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** ***See also*** **Republic's Answer to Paragraph 15 of Plaintiff's Complaint.**

72.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, managed the aforesaid terminal.

**ANSWER:    The allegations contained in Paragraph 72 of Plaintiff's Complaint are**

irrelevant to the facts underlying this Complaint and there is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection." *See also* Republic's Answer to Paragraph 16 of Plaintiff's Complaint.

73.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, controlled the aforesaid terminal.

**ANSWER:**    **The allegations contained in Paragraph 73 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and there is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 17 of Plaintiff's Complaint.**

74.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, maintained the aforesaid terminal.

**ANSWER:**    **The allegations contained in Paragraph 74 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and there is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 18 of Plaintiff's Complaint.**

75.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, repaired the aforesaid terminal.

**ANSWER:**    **The allegations contained in Paragraph 75 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and there is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 19 of Plaintiff's Complaint.**

76.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, had a duty to own, operate, manage, control, maintain, repair and/or

supervise the aforesaid terminal in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

**ANSWER:** **The allegations contained in Paragraph 76 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and there is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 20 of Plaintiff's Complaint.**

77.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, supervised the aforesaid terminal.

**ANSWER:** **The allegations contained in Paragraph 77 of Plaintiff's Complaint are irrelevant to the facts underlying this Complaint and there is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 21 of Plaintiff's Complaint.**

78.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the aforesaid terminal, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

**ANSWER:** **There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 22 of Plaintiff's Complaint.**

79.    That at all times herein mentioned, a plane assigned to Delta Flight 5783 was present at Delta Terminal #4 at John F. Kennedy International Airport, in the County of Queens, City of Jamaica and State of New York.

**ANSWER:** **There is no legal entity called "Republic Airways, Inc. d/b/a Delta**

Connection." *See also* **Republic's Answer to Paragraph 23 of Plaintiff's Complaint.**

80.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, owned the aforesaid plane.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 24 of Plaintiff's Complaint.**

81.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, was the lessor of the aforesaid plane.

**ANSWER:     There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 25 of Plaintiff's Complaint.**

82.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, was the lessee of the aforesaid plane.

**ANSWER:     There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 26 of Plaintiff's Complaint.**

83.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, operated the aforesaid plane.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See* **Republic's Answer to Paragraph 27 of Plaintiff's Complaint.**

84.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, managed the aforesaid plane.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 28 of Plaintiff's Complaint.**

85.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, controlled the aforesaid plane.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Connection." *See also* Republic's Answer to Paragraph 29 of Plaintiff's Complaint.**

86.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, maintained the aforesaid plane.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection." *See also* Republic's Answer to Paragraph 30 of Plaintiff's Complaint.**

87.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, repaired the aforesaid plane.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection." *See also* Republic's Answer to Paragraph 31 of Plaintiff's Complaint.**

88.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, supervised the aforesaid plane.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection." *See also* Republic's Answer to Paragraph 32 of Plaintiff's Complaint.**

89.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, operated Delta Flight 5783.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection." *See also* Republic's Answer to Paragraph 33 of Plaintiff's Complaint.**

90.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, managed Delta Flight 5783.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection." *See also* Republic's Answer to Paragraph 34 of Plaintiff's Complaint.**

91.     That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a

DELTA CONNECTION, controlled Delta Flight 5783.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 35 of Plaintiff's Complaint.**

92.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, supervised the Delta Flight 5783.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 36 of Plaintiff's Complaint.**

93.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, had a duty to own, operate, manage, control, maintain, repair and/or supervise the aforesaid flight and plane, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 37 of Plaintiff's Complaint.**

94.    That at all times herein mentioned, Defendant REPUBLIC AIRWAYS, INC. d/b/a DELTA CONNECTION, had a duty to hire, train and supervise their servants, agents, licensees, contractors, subcontractors, employees and other affiliates, agencies and departments to own, operate, manage, control, maintain, repair and/or supervise the plane and flight, in a reasonably safe condition, free of any dangers or hazards for those lawfully thereat.

**ANSWER:    There is no legal entity called "Republic Airways, Inc. d/b/a Delta Connection."** *See also* **Republic's Answer to Paragraph 38 of Plaintiff's Complaint.**

95.    That on April 5, 2022, Plaintiff CASSANDRA MCKINLEY, was a lawful passenger on the aforesaid plane.

**ANSWER:    Upon information and belief, Republic admits only that on April 5, 2022,**

Plaintiff was a ticketed passenger onboard Delta Connection Flight #5783 (operated by Republic Airways, Inc.) from Arlington, Virginia (DCA) to New York, New York (JFK). The remaining allegations contained in Paragraph 95 of Plaintiff's Complaint are denied.

96.     That on April 5, 2022, Plaintiff, CASSANDRA MCKINLEY, was a lawful passenger on the aforesaid plane with the knowledge, permission and/or consent of the Defendants.

**ANSWER:     Upon information and belief, Republic admits only that on April 5, 2022, Plaintiff was a ticketed passenger onboard Delta Connection Flight #5783 (operated by Republic Airways, Inc.). The remaining allegations contained in Paragraph 96 of Plaintiff's Complaint are denied.**

97.     That on April 5, 2022, Plaintiff CASSANDRA MCKINLEY, was a lawful passenger on Delta Flight 5783, traveling from Ronald Reagan Washington National Airport located in Arlington, Virginia to John F. Kennedy International Airport, and after landing at John F. Kennedy International Airport, plaintiff was caused to suffer serious and permanent injuries due to the broken, defective, unsafe, dangerous and hazardous a piece of metal/hardware protruding into the aisle of the aforementioned plane that came into contact with plaintiff's body.

**ANSWER:     Republic denies all the allegations contained in Paragraph 97 of Plaintiff's Complaint.**

98.     That the aforesaid occurrence and resultant injuries to plaintiff CASSANDRA MCKINLEY were further caused solely and wholly, through and by reason, of the carelessness, recklessness and negligence of defendants, their agents, servants, and/or employees, in the ownership, operation, management, maintenance, supervision, care, custody, charge and control of the aforesaid plane and flight, and more particularly the plane within the flight known as "5783" ("Delta Flight 5783") within the premises of the aforementioned airplane while at Delta personnel

to ensure against this occurrence and to maintain the plane in a safe and proper manner; in that they created the aforesaid dangerous and hazardous conditions; in allowing the foregoing to exist with notice; in carelessly, recklessly and negligently creating a hazard endangering the health of plaintiff and others lawfully within the said premises; in causing, permitting and/or allowing the existence of a condition which constituted a trap, nuisance, menace and danger to plaintiff and others within said premises; in failing to fix the plane; in causing, permitting and allowing the plane to be, become and remain in disrepair, unsafe, and improper condition; in repairing, maintaining and/or installing the aforesaid plane in such a negligent, careless and reckless manner as to render same dangerous and hazardous to plaintiff and others using same; in failing to remedy and/or timely remedy the aforesaid dangerous and hazardous condition; in failing to inspect, timely inspect and/or properly inspect said plane; in failing to keep the said plane in proper repair; in failing to exercise that degree of care which is reasonably prudent under the circumstances; in that the defendants failed to use due care, caution, precaution and diligence in this matter; and in the gross, wanton, reckless and willful acts of defendants, their agents, servants and/or employees; in failing to comply with those statutes, ordinances, rules and regulations applicable to said situation; in violating the applicable laws, statutes, codes, rules, regulations and ordinances in such cases made and provided; defendants, their agents, servants and/or employees, were otherwise careless, reckless and negligent under the circumstances, all without any fault or lack of care on the part of plaintiff contributing thereto. Plaintiff further rely upon the doctrine of *res ipsa loquitur* and also allege that the defendants were negligent in that they allowed their property to be kept in a dangerous condition; in that they failed to give any notice or warning to the plaintiff; in that they failed to provide a safe means of egress and exit; and in that they otherwise maintained their premises in a careless and reckless manner. Due to the foregoing dangerous and hazardous

conditions, plaintiff CASSANDRA MCKINLEY, who was then and there rightfully and legally, was caused to sustain serious and permanent physical and psychological injuries.

**ANSWER:**    **Republic denies all the allegations contained in Paragraph 98 of Plaintiff's Complaint.**

99.    By reason of the foregoing, plaintiff CASSANDRA MCKINLEY was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and she will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and she will be unable to pursue her usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

**ANSWER:**    **Republic denies all the allegations contained in Paragraph 99 of Plaintiff's Complaint.**

100.    This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

**ANSWER:**    **Republic denies the allegations contained in Paragraph 100 of Plaintiff's Complaint. To the extent that the allegations contained in Paragraph 100 of Plaintiff's Complaint are intended to be legal conclusions, no response is required. If a response to legal the legal conclusions is required, Republic reiterates its denial of all allegations in Paragraph 100 of Plaintiff's Complaint.**

101.    That no negligence on the part of Plaintiff, CASSANDRA MCKINLEY, contributed to the occurrence alleged herein in any manner whatsoever.

**ANSWER:**    **Republic denies all the allegations contained in Paragraph 101 of Plaintiff's**

Complaint.

102. That the Defendants had actual and constructive notice of the defective, unsafe, dangerous and hazardous condition which caused the occurrence alleged herein.

**ANSWER:** **Republic denies all the allegations contained in Paragraph 102 of Plaintiff's Complaint.**

103. That the Defendants caused and created the defective, unsafe, dangerous and hazardous condition which caused the occurrence alleged herein.

**ANSWER:** **Republic denies all the allegations contained in Paragraph 103 of Plaintiff's Complaint.**

104. That plaintiff will be relying on the doctrine of *res ipsa* loquitur.

**ANSWER:** **The allegations contained in Paragraph 104 of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, Republic denies the applicability of *res ipsa loquitur* to this action and therefore denies all the allegations in Paragraph 104.**

105. Due to defendants' negligence, plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**ANSWER:** **Republic denies all the allegations contained in Paragraph 105 of Plaintiff's Complaint.**

## GENERAL DENIAL

106. Republic denies all allegations of Plaintiff's Complaint that are not specifically admitted above. Republic further denies that it either injured or damaged Plaintiff in any manner or amount whatsoever or at all, or that Plaintiff sustained or will sustain injuries or damage by reason of any act, omission, fault, breach of agreement or breach of statute on the part of or

attributable to Republic. By alleging the defense set forth below, Republic neither agrees nor conceded that it has the burden of proof with respect to any individual defense. All defenses are pleaded in the alternative and are not an admission of liability or that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant, REPUBLIC AIRWAYS, INC., respectfully requests that this Honorable Court dismiss this action with prejudice and award Defendant the costs it has incurred in the defense of this matter, and for any other relief that this Court deems just and equitable.

## INDIVIDUAL DEFENSES OF REPUBLIC AIRWAYS, INC.

BY WAY OF FURTHER ANSWER to Plaintiff's Complaint, and as SEPARATE AND/OR AFFIRMATIVE DEFENSES thereto, Republic Airways, Inc. ("Republic") alleges as follows:

### FIRST DEFENSE

107.    Plaintiff's Complaint fails to state a claim against Republic upon which relief can be granted.

### SECOND DEFENSE

108.    To the extent established by evidence, Plaintiff's damages, if any, were the result of Plaintiff's sole and/or comparative negligence.

### THIRD DEFENSE

109.    To the extent established by evidence, Plaintiff's damages, if any, were proximately caused or contributed to by the carelessness, negligence, or fault of other persons, corporations, or business entities over which Republic had no control.

### FOURTH DEFENSE

110.    In the event that Plaintiff recovers a verdict or judgment, such verdict or judgment

must be reduced by amounts that have been or will, with reasonable certainty, replace or indemnify Plaintiff in whole or in part for any past or future loss, from any collateral source, including, but not limited to insurance, Social Security, Worker's Compensation, or any employee benefit programs.

## FIFTH DEFENSE

111.    If Republic is determined to be liable for fifty percent or less of the total liability assigned to all persons liable, then Republic's liability to the Plaintiff for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss. This action does not fall within any of the exceptions set forth in CPLR § 1602.

## SIXTH DEFENSE

112.    Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

## SEVENTH DEFENSE

113.    Plaintiff's Complaint is barred to the extent that it is preempted by federal law, including but not limited to the Federal Aviation Act of 1958 and the Airline Deregulation Act of 1978 and all implementing or corresponding regulations of those laws.

## EIGHTH DEFENSE

114.    At all relevant times, Republic acted reasonably, prudently, and in compliance with the applicable standard of care, if any, due and owing.

## NINTH DEFENSE

115.    Plaintiff's alleged damages, if any, are barred or limited under applicable law due to Plaintiff's failure to mitigate damages.

**TENTH DEFENSE**

116.    Plaintiff's claims are barred, or recovery educed, by the doctrines of estoppel, waiver, unclean hands, misrepresentation and/or laches.

**ELEVENTH DEFENSE**

117.    Plaintiff's claim are barred and/or limited because Republic complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

**TWELFTH DEFENSE**

118.    Federal regulation of aviation operations, including the specific factual allegations in the Complaint, are so pervasive that there is implied preemption of all state laws otherwise applicable to the claims asserted in the Complaint.

**THIRTEENTH DEFENSE**

119.    Plaintiff's injuries or damages, if any, were proximately caused by the abnormal, unforeseeable, and/or unintended events over which Republic was not responsible.

**FOURTEENTH DEFENSE**

120.    Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff has failed to join indispensable parties necessary to this action.

**FIFTEENTH DEFENSE**

121.    In the event that any person or entity liable or claimed to be liable for Plaintiff's alleged injuries has been given, or may be given a release or covenant not to sue, Republic shall be entitled to a reduction of damages, if any, which may be determined against it, based on the foregoing.

**RESERVATION OF FURTHER DEFENSES**

122.    Republic reserves the right to supplement and amend its defenses in this action as

necessary in light of facts, allegations, claims, and changes or modifications in the law.

WHEREFORE, Defendant, REPUBLIC AIRWAYS, INC., denies that Plaintiff is entitled to judgment against it in any amount and demands that judgment be entered in its favor and against Plaintiff, with costs.

## JURY DEMAND

Republic Airways, Inc. requests a trial by jury and hereby demands the same, consistent with Fed. R. Civ. P. 38.

Date: May 2, 2025                    Respectfully submitted,

Evan Kwarta (EK1248)
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 655-3839
E-mail: ekwarta@hinshawlaw.com

                                        and

Paula L. Wegman (*pro hac vice* forthcoming)
Brittany N. Christianson (*pro hac vice* forthcoming)
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
Phone: (312) 704-3000
Fax: (312) 704-3001
E-mail:pwegman@hinshawlaw.com
            bchristianson@hinshawlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on May 2, 2025 he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Eastern District of New York by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

_____